IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELINDA HART | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC., ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUND FOR REMOVAL

On August 30, 2013, Plaintiff Belinda Hart ("Plaintiff") commenced an action in the 269th Judicial District Court of Harris County, Texas captioned "Cause No. 2013-51329; *Belinda Hart v. Wal-Mart Stores Texas, LLC.*" in which she sought personal injury damages allegedly resulting from an incident that occurred on August 3, 2012 (the "Incident"), at Wal-Mart Store #915 (the "Store") in Stafford, Texas.

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on September 13, 2013, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

Plaintiff was a citizen of Harris County, Texas, at the time suit was commenced. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

Defendant Wal-Mart Stores Texas, LLC is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Defendant Wal-Mart Stores Texas, L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are

Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that Defendant is liable under a theory of negligence. Plaintiff claims that she slipped and fell on water leaking from a soft drink machine. *See* Plaintiff's Petition, Section 4, attached hereto as Exhibit A. Plaintiff alleges that Defendant knew or should have known of the "dangerous condition" and/or failed to make the condition safe. *See id.*

## VI. JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

A.  **Amount in Controversy Exceeds $75,000.00.**

    1.  Legal Standard

When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the 'facially apparent' test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

    2.  Analysis

Plaintiff's Petition – Facially Apparent

In her Original Petition, Plaintiff claims that she suffered injuries after slipping and fall at the store. *See* Exhibit A, Section 4. Plaintiff seeks to recover damages for the following categories: 1) past and future medical expenses, 2) past and future mental anguish, 3) past and future physical pain, 4) past and future physical impairment, 5) past and future disfigurement and 6) past and future lost earnings. *See* Exhibit A, Section 6.

Plaintiff plead that she has "suffered actual damages within the jurisdictional limits of this Court not to exceed the amount of $74,500.00." *See* Exhibit A, Section 6. Plaintiff, however, further stated that she "reserves the right to amend the amount of damages she seeks as the lawsuit develops." *See* Exhibit A, Section 6. As Plaintiff is able to modify the amount of damages sought at any time, and expressly reserves the right to do so in her Petition, Plaintiff's

attempt to limit the amount of damages to $74,500 is not binding, nor a valid stipulation. Texas case law has clearly held that a clause purporting to limit damages in a pleading can defeat diversity jurisdiction only by reference to "state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment." *Vielma v. ACC Holding, Inc.*, 2013 WL 3367494, *6 (W.D. Tex. 2013), citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412-13 (5th Cir. 1995). "Absent such a statute, litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *Id.* As Texas law allows for the amendment of the *ad damnum* clause and Plaintiff has failed to execute a binding stipulation or affidavit in this matter, Plaintiff's attempt to limit the damages to $74,500 is not sufficient to limit the amount in controversy for purposes of diversity jurisdiction.

Additionally, Plaintiff's Petition essentially pleads for damages in excess of $100,000.00 by virtue of the alleged discovery level. Plaintiff plead that she intended to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4. *See* Exhibit A, Section 3. Unless a suit is governed by a discovery control plan under Rule 190.2 or 190.4, discovery must be conducted under 190.3. *See* Texas Rule of Civil Procedure 190.2. Under Rule 190.2, discovery level 1 applies to expedited actions under Rule 169, which are cases in which Plaintiff seeks monetary relief aggregating $100,000 or less, including damages of any kind. *See* Texas Rule of Civil Procedure 169(a)(1). Under Rule 190.4, discovery level 3 applies to cases that require a tailored discovery plan based on the circumstances of a specific suit. *See* Texas Rule of Civil Procedure 190.4(a). If a case is not governed by 190.1 or 190.3, it is governed by 190.2. *See* Texas Rule of Civil Procedure Under Rule 190.3. If Plaintiff believed her case was valued at $100,000 or less, she could have filed an expedited claim and proceeded under discovery level 1.

Plaintiff failed to do so, indicating that Plaintiff believes her case is valued in excess of $100,000, which clearly exceeds the federal jurisdictional amount.

Based on the numerous categories of damages alleged in her petition and Plaintiff's discovery control plan level, it is facially apparent from the Petition that the amount in controversy exceeds $75,000.

Summary Judgment Type Evidence Relating to the Amount in Controversy

In addition to the alleged categories of damages in Plaintiff's Petition discussed above, Defendant has sufficient evidence to establish that the amount in controversy exceeds $75,000.

1. Rule 11 Agreement

In an effort to obtain a binding stipulation regarding the amount of damages sought in this case, counsel for Defendant sent a proposed Rule 11 Agreement to counsel for Plaintiff regarding the damages. The Rule 11 Agreement asked Plaintiff to stipulate that she would not "seek to enforce or recover any total judgment amount (inclusive of all causes of action for actual or punitive damages) in excess of $75,000.00." In exchange for the stipulation, Defendant agreed that it would not seek removal of the action to Federal Court. *See* Rule 11 Agreement, attached hereto as Exhibit B. The proposed Rule 11 Agreement made it clear that Defendant believed Plaintiff's damages might exceed $75,000, and that Defendant was offering Plaintiff a chance to stipulate her damages rather than have the matter removed to federal court. *See id.*

The Rule 11 Agreement remained open until October 10, 2013. *See* Exhibit B. Plaintiff failed to execute and return the executed agreement. Federal District courts in Texas have found that a plaintiff's refusal to stipulate to $75,000 in maximum damages constitutes evidence that the amount in controversy may exceed the jurisdictional minimum. *See, e.g., St. Paul Reinsurance Co.*, 134 F.3d at 1254 n. 18; *Calloway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D.

Tex 1993); *Johnson v. Dillard Dept. Store,* 836 F. Supp. 390, 395 (N.D. Tex. 1993); *Rawlings v. Travelers Property Casualty Ins. Co.,* 2008 WL 2115606, *9 (N.D. Tex. 2008) (unpublished); *Fredrichs v. Time Ins. Co.,* 2007 WL 1624310, *3 (E.D. Tex. 2007) (unpublished); *Dowdy v. Allstate Property & Casualty Ins. Co.,* 2002 WL 31421929, *1 (N.D. Tex 2002) (unpublished).

In this case, Plaintiff's refusal to stipulate to damages constitutes evidence allowing the Court to determine that the amount in controversy exceeds $75,000.

2. <u>Settlement Demand</u>

Prior to filing suit, Plaintiff demanded $150,000.00 to resolve this matter. *See* Settlement Demand, dated July 1, 2013, attached hereto as Exhibit C. Courts have consistently looked to demand letters, particularly pre-suit demand letters as evidence of the amount in controversy. *See Escobedo v. Marmaxx Operating Corp., d/b/a Marshalls,* 2009 WL 1636245 (S.D.Tex); citing *St. Paul Reins. Co., Ltd.,* 134 F.3d at 1253 (considering a pre-suit demand letter to establish the amount in controversy in a declaratory judgment suit); *Watson v. Provident Life & Ace. Ins. Co.,* slip op. No. 3:08–cv–2065–G, 2009 WL 1437823, at *2 (N.D.Tex. May 22, 2009) (considering a pre-suit demand letter to establish the amount in controversy where the complaint does not specify the amount of damages sought); *Lozano v. Schoellerman,* slip op., No. H–08–3069, 2009 WL 211080, at *2 (S.D.Tex. Jan.28, 2009) (stating that in the removal context where the state court petition fails to state the amount of damages sought, a court may consider other evidence "in so much as they shed light upon the amount in controversy at the time of removal"); *Molina v. Wal–Mart Stores Texas, LP.,* 535 F.Supp.2d 805, 808 (W.D.Tex.2008) (relying on solely the pre-suit demand letter to establish the requisite amount in controversy as the Plaintiff's petition failed to request a numerical amount of damages); *see also,* Stone v. State Farm Mut. Auto. Ins. Co., No. 08–3859, 2008 WL 4507827, at *2 (E.D.La.Oct.2, 2008) ("The amount of a

settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.' "); *Edwards v. Fred's, Inc.*, No. 05–0288, 2005 WL 2106156, at *2 (W.D.La.Aug.30, 2005) (concluding that the amount in controversy was below the jurisdictional amount because the settlement demand was only $7,049); *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. 3:04–CV–2692–P, 2005 WL 6271207, at *3 (N.D.Tex. Mar. 8, 2005) ("[S]ettlement offers are compelling evidence of the minimum amount in controversy.").

In the case at hand, Plaintiff's pre-suit demand of $150,000 is evidence that the case is valued in excess of the jurisdictional limit. *See generally, Rising-Moore v. Red Roof Inns., Inc.*, 435 F.3d 813 (7th Cir. 2006).

The amount in controversy is established by a preponderance of evidence based on Plaintiff's settlement demand.

3. Alleged Damages, including Medical Bills/Treatment

Prior to suit, counsel for Plaintiff included Plaintiff's medical records and bills, in support of Plaintiff's pre-suit settlement demand.

After Plaintiff's alleged incident, an ambulance transported Plaintiff from the Store to the emergency room. Plaintiff underwent a series of diagnostic testing and received a prescription for Norco. *See* Emergency Room Records – August 3, 2012, attached hereto as Exhibit D. Due to on-going pain, Plaintiff returned to the emergency room on August 5, 2012. Plaintiff complained of rectum and lower back pain, with radiating symptoms into her legs. Plaintiff underwent additional diagnostic testing, including CT scans, and received additional medication. The physician interpreting the CT scans noted that a MRI or bone scan may be required if Plaintiff's pain persisted. *See* Emergency Room Records – August 5, 2012, attached hereto as Exhibit E. Due to on-going pain in her back and hips, and the development of right shoulder

and right rib pain, Plaintiff presented to Dr. DeBender for additional care on August 9, 2012. Dr. DeBender ordered additional diagnostic testing, referred Plaintiff to physical therapy and prescribed additional medication. *See* Dr. DeBender Records – August 9, 2012, attached hereto as Exhibit F. Due to on-going complaints, Dr. DeBender sent Plaintiff for MRI's of the lumbar spine and right shoulder. In addition to treatment with Dr. DeBender, Plaintiff initiated chiropractic treatment, which she continued through at least November 2012. At the last appointment, Plaintiff continued to complain of neck, shoulder and back pain. *See* Danna Chiropractic Records – November 8, 2012, attached hereto as Exhibit G. On March 20, 2013, Plaintiff underwent a three-phase bone scan due to continued complaints of right hip pain after "the fall." *See* El Franco Records – March 20, 2013, attached hereto as Exhibit H. It is unknown at this time whether Plaintiff has received any additional treatment. Plaintiff's Petition, however, plead for future medial damages, which suggests that Plaintiff has not completed treatment.

In addition to the medical records, which depict significant complaints of pain over an extended period of time, Plaintiff's medical specials received to date total $24,716.50. *See* Exhibit C. Plaintiff has also pled for the recovery of future medical expenses, suggesting that she may need additional medical care. *See* Exhibit A, Section 6.

As the Court is no doubt aware, a plaintiff's incurred medical expenses often are used by juries (and certainly argued by lawyers) as establishing a baseline for determining the severity of injuries and as a basis for seeking non-economic damages. In this case, Plaintiff's past medical expenses total $24,716.50. In addition to the claim for past medical expenses, Plaintiff seeks to recover for future medical bills, past and future pain and suffering, past and future mental anguish, past and future mental anguish, past and future physical impairment, and past and future lost wages.

Based on the amount of Plaintiff's past medical bills, her claim for lost wages, and the numerous other non-economic damages sought, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant has produced ample evidence to the Court regarding the nature of Plaintiff's injuries and damages to establish that the amount in controversy exceeds $75,000. In examining Plaintiff's injuries, the total amount of Plaintiff's medical bills, Plaintiff's claim for non-economic damages, and Plaintiff's claim for lost wages coupled with Plaintiff's pre-suit demand and refusal to execute a Rule 11 Agreement as to the amount of damages sought in the case, Defendant has met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

**B.     Diversity of Citizenship**

As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with their principal places of business in the State of Arkansas. None of Defendant's partners or members are citizens of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

### VII. CONCLUSION

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VIII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the 269th Judicial District of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, LLC

John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
Fed. Bar No. 21280
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 11th day of October, 2013.

Roger Sullivan
Smith & Hassler
1445 North Loop West, Suite 700
Houston, TX 77008

John A. Ramirez